CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | | |
|---|---|---|
| CESAR SANTIAGO-PEREZ, | : | Case No. 16- |
| Plaintiff, | : | CV-86 |
| -against- | : | **COMPLAINT** |
| 1925 NOSTRAND DELI CORP. d/b/a LUCKY 7 DELI & GRILL, and AHMED M. ABDUL SALAM, | : | **Jury Trial Demanded** |
| Defendants. | : | |

------------------------------------------------------------------X

Plaintiff CESAR SANTIAGO-PEREZ (hereinafter, "Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants 1925 NOSTRAND DELI CORP. d/b/a LUCKY 7 DELI & GRILL ("LUCKY 7") and AHMED M. ABDUL SALAM (collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1.  Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (a) unpaid overtime compensation, (b) unpaid "spread of hours" premium for each day that he worked a shift in excess of ten (10) hours, (c) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Queens County, New York.

6. Defendant, LUCKY 7, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 1925 Nostrand Avenue, Brooklyn, New York 11226.

7. Defendant, AHMED M. ABDUL SALAM, is the Chief Executive Officer, President, owner, shareholder, director, supervisor, proprietor, and managing agent of LUCKY 7, who actively participated, and continues to actively participate in the day-to-day operations of LUCKY 7 and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29

C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with LUCKY 7.

8. Defendant, AHMED M. ABDUL SALAM, exercised control over the terms and conditions of Plaintiff's employment in that he has and has had the power and authority to: (i) hire and fire employees, (ii) determine rates and method of pay, (iii) determine work schedules, (iv) supervise and control the work of employees, and (v) otherwise affect the quality of the employees' employment.

9. Upon information and belief, at least within the three (3) most recent years relevant to the allegations herein, LUCKY 7 was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

10. Defendants employed Plaintiff in Kings County, New York to work as a non-exempt grill cook for the Defendants' twenty-four (24) hour restaurant and delicatessen from in or about November 2013 through on or about November 18, 2015.

11. The work performed by Plaintiff was directly essential to the business operated by Defendants.

12. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

13. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor law.

14. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

15. Defendant AHMED M. ABDUL SALAM actively participates in the day-to-day operation of LUCKY 7. For instance, Mr. Abdul Salam personally hires and fires employees, supervises and directs the work of the employees, instructs the employees how to perform their jobs, and corrects and/or reprimands employees for any errors made.

16. Defendant AHMED M. ABDUL SALAM must approve all crucial business decisions. This includes decisions concerning the number of hours the employees work, the amount of pay that employees are entitled to receive, the method by which the employees are to be paid, and whether the employees are entitled to a pay increase and, if so, the amount of the raise.

17. In or about November 2013, defendant AHMED M. ABDUL SALAM hired Plaintiff to work as a non-exempt grill cook for the Defendants' twenty-four (24) hour restaurant and delicatessen known as Lucky 7 Deli & Grill.

18. Plaintiff continuously worked for the Defendants in this capacity until on or about November 18, 2015.

19. During the course of his employment by the Defendants, Plaintiff worked over forty (40) hours per week.

4

20. From the beginning of his employment and continuing through in or about June 2015, Plaintiff worked seven (7) days per week, and his work shift consisted of twelve (12) hours per day from 6:00 p.m. until 6:00 a.m.

21. During this period, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid $10 per hour straight time for all hours worked, and worked eighty-four (84) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

22. Beginning in or about July 2015 and continuing through the remainder of his employment on or about November 18, 2015, Plaintiff worked five (5) days per week, and his work shift consisted of twelve (12) hours per day from 6:00 p.m. until 6:00 a.m.

23. During this period, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid $11.50 per hour straight time for all hours worked, and worked eighty-four (84) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

24. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

25. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff "spread of hours" premium, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

26. Upon information and belief, at all relevant times, including during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time and pay records.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

27. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "26" of this Complaint as if fully set forth herein.

28. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

29. Between November 2013 and November 2015, Defendants' employees, including Plaintiff, handled or otherwise worked on goods or materials that moved in or were produced for commerce, including such things as food products, beverages, kitchen utensils, kitchen equipment, plastic bags, cleaning supplies, rags, brooms, pens, paper, and a multitude of other such items.

30. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

6

31. Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, LUCKY 7 had gross revenues in excess of $500,000.

32. Plaintiff is entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

33. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

34. At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 207(a)(1).

35. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff.

36. As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

37. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

38. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

39. Due to the intentional and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

40. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

41. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "40" of this Complaint as if fully set forth herein.

42. At all relevant times, Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

43. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

44. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium for each day he worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations § 146-1.6.

45. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

46. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.1.

47. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

48. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

49. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

50. Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff CESAR SANTIAGO-PEREZ respectfully requests that this Court grant the following relief:

(a) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(c) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(d) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(e) An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

(f) An award of prejudgment and post-judgment interest;

(g) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(h) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       January 7, 2016

                                  Respectfully submitted,

                                  CILENTI & COOPER, PLLC
                                  *Attorneys for Plaintiff*
                                  708 Third Avenue – 6th Floor
                                  New York, NY 10017
                                  T.  (212) 209-3933
                                  F.  (212) 209-7102
                                  jcilenti@jcpclaw.com

                                  By: _____
                                       Giustino (Justin) Cilenti (GC 2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Cesar Perez-Santiago__, am an employee formerly employed by __Lucky 7 Deli__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_____, 2015

_Cesar Santiago_

Sworn to before me this __3rd__ day of __December__, 2015.

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019